UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKRON INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> HURD WINDOWS & DOORS, INC., *et al.*, <br><br> Defendants. | Case No. C07-0532RSL <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS. |

## I. INTRODUCTION

This matter comes before the Court on "Plaintiff's Motion to Dismiss Defendants' Fraud and Misrepresentation Counterclaims and to Strike Punitive Damages Request" (Dkt. #22). On April 11, 2007, plaintiff filed a complaint for damages and declaratory relief based upon defendants' alleged breach of the MikronWood Supply Agreement, entered into by both parties on July 2, 2002. Complaint at 9-13. On August 8, 2007, defendants filed an amended answer with counterclaims, including allegations of fraud and misrepresentation and a demand for punitive damages. Amended Answer with Counterclaims at 11-12. Plaintiff now requests that the Court dismiss defendants' fraud and misrepresentation counterclaims and strike defendants' demand for punitive damages. For the reasons set forth below, the Court GRANTS IN PART plaintiff's motion to dismiss: defendants' fraud and misrepresentation counterclaims are

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO DISMISS                                                    1

dismissed with leave to amend. Plaintiff's motion to strike defendants' demand for punitive damages is DENIED.

## II. DISCUSSION

**A.  Defendants' fraud and misrepresentation counterclaims lack the specificity required by Rule 9(b).**

Federal Rule of Civil Procedure 9(b) requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b)'s heightened pleading standard also applies to claims for misrepresentation. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Ninth Circuit authority provides definitive guidance on the degree of particularity required by Rule 9(b): "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)(quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). See also Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)("Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.").

Defendants' counterclaims for fraud and misrepresentation fail to specify the time, place, and identities of the parties to the alleged misrepresentations. Amended Answer with Counterclaims at 7, 11-12. Moreover, because defendants' allegations of fraud are so vague and generalized, plaintiff has insufficient detail to adequately prepare its defenses. The Court finds that defendants' counterclaims fail to meet Rule 9(b)'s heightened pleading requirements for fraud and misrepresentation.

Defendants correctly note that Ninth Circuit law favors granting leave to amend unless it is clear "that the complaint could not be saved by any amendment." McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc., 339 F.3d 1087, 1090 (9th Cir. 2003). Accordingly,

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO DISMISS                           2

the Court dismisses defendants' fraud and misrepresentation counterclaims and grants defendants 20 days to amend those claims.

**B.     The statute of limitations does not presently bar defendants' fraud counterclaim.**

Washington law provides that a cause of action for fraud "shall be commenced within three years" and that "the cause of action in such case [is] not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." RCW 4.16.080(4). Although the defense of the statute of limitations may be raised by a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the running of the statute must be evident on the face of the pleading. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Washington law provides that a cause of action accrues when a party knows or should know through the exercise of due diligence of the relevant facts. Allen v. State, 118 Wash.2d 753, 758, 826 P.2d 200, 203 (1992). Analysis of due diligence raises issues of fact. Id. at 760, 204.

Nothing in the existing record makes it evident on the face of the pleadings when defendants' fraud claim accrued. Plaintiff argues that because defendants filed their counterclaim on August 8, 2007, any alleged misrepresentations before August 8, 2004 would exceed the statute of limitations. Motion at 8. Plaintiff goes on to argue that because the parties maintained an ongoing business relationship since entering into the MikronWood Agreement on July 2, 2002, and because defendant received customer complaints about plaintiff's product, defendants discovered or should have discovered any misrepresentations before August 8, 2004. Motion at 8-9. Given the basic facts surrounding this dispute, defendants may well be able to prove that they did not discover, and could not reasonably have discovered, any misrepresentations until after August 8, 2004, notwithstanding the ongoing relationship and/or customer complaints. The Court therefore denies plaintiff's motion to dismiss defendants' fraud and misrepresentation counterclaims based upon the running of the statute of limitations.

### C.     Defendant adequately states a claim for punitive damages.

Although the MikronWood Supply Agreement specified that "[t]his agreement shall be controlled and interpreted under the internal laws of the State of Washington," Exhibit A to Claim at 4, defendants' fraud and misrepresentation counterclaims also sound in tort.  Claims arising in tort are not "ordinarily controlled by a contractual choice of law provision" but are instead "decided according to the law of the forum state." Sutter Home Winery, Inc. v. Vintage Selections, Ltd., 971 F.2d 401, 407 (9th Cir. 1992)(quoting Consolidated Data Terminals v. Applied Digital Data Systems, 708 F.2d 385, 390 n. 3 (9th Cir. 1983)).  Defendants correctly note that the Washington Supreme Court has been hesitant to decide a conflict of law case based upon a record "in which the facts may develop in a number of ways before us at trial, reducing our opinion to nothing more than an advisory opinion." Southwell v. Widing Transp., Inc., 101 Wn.2d 200, 207, 676 P.2d 477, 481 (1984).  Here, as in Southwell, the record is insufficiently developed to provide the necessary facts to permit the Court to conduct a choice of law analysis. Accordingly, the Court finds that a conflict of law analysis would be premature at this point in the proceedings.

Should at some point in the future the Court determine that Wisconsin law governs defendants' tort claims, defendants' demand for relief would be sufficient to satisfy the notice pleading requirements under both Wisconsin law and the Federal Rules of Civil Procedure.[1] Under the Federal Rules of Civil Procedure, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and ... a demand for judgment for the relief the pleader seeks." Fed R. Civ. P. 8(a).  Furthermore, allegations of "[m]alice, intent, knowledge and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).  Wisconsin law provides virtually identical direction for the contents of

---

[1] Since both Federal and Wisconsin Rules of Civil Procedure have virtually identical notice pleading requirements, it is unnecessary at this point for the Court to determine whether Federal or Wisconsin pleading requirements govern defendants' demand for punitive damages.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO DISMISS                              4

pleadings. See Wis. Stat. 802.02. Although Wisconsin law limits punitive damages to instances of malice or intentional disregard for another party's rights, Wis. Stat. 895.043(3), it does not impose any type of heightened pleading standard. Under Wisconsin law, a claim for punitive damages "should be dismissed as legally insufficient only if it is clear that plaintiff cannot recover under any condition." Wangen v. Ford Motor Co., 97 Wis.2d 260, 308, 294 N.W. 2d 437, 462 (1980).

In the present situation, defendants' counterclaim characterizes plaintiff's misrepresentations as "deceitful and totally contrary to the rights of [defendant]." Amended Answer with Counterclaims at 11-12. Thus, in averring a disregard for their rights in general terms, defendants' counterclaim is sufficient to meet the notice pleading requirement for a demand for punitive damages under Wisconsin law. Accordingly, the Court denies plaintiff's motion to strike defendants' demand for punitive damages.

### III.  CONCLUSION

For all of the foregoing reasons, "Plaintiff's Motion to Dismiss Defendants' Fraud and Misrepresentation Counterclaims and to Strike Punitive Damages Request" (Dkt. #22) is GRANTED IN PART. The Court GRANTS plaintiff's motion to dismiss defendants' fraud and misrepresentation counterclaims and dismisses those claims with leave to amend. Defendant must amend the fraud and misrepresentation counterclaims within 20 days of the date of this order. The Court DENIES plaintiff's motion to strike defendants' request for punitive damages.

DATED this 12th day of October, 2007.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge