UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                           )
MIKRON INDUSTRIES, INC.,                   )
                                           )   No. C07-0532RSL
                    Plaintiff,             )
      v.                                   )   ORDER DENYING DEFENDANTS'
                                           )   MOTION FOR SUMMARY
HURD WINDOWS & DOORS, INC., *et al.*,      )   JUDGMENT REGARDING HMC
                                           )   AND UIS
                    Defendants.            )
_____)

This matter comes before the Court on "Defendants' Motion for Summary Judgment Seeking Dismissal of UIS and HMC." Dkt. # 28. Plaintiff claims that defendant HMC, Inc., and its successor breached a supply agreement and implied covenants of good faith and fair dealing. HMC argues that it and its shareholder, UIS, Inc., cannot be held liable for breaches of the supply agreement because HMC assigned the agreement to defendant Hurd Window & Doors, Inc.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

      Having reviewed the memoranda submitted by the parties and the remainder of the record, the Court finds that defendants' motion fails as a matter of state law and pursuant to the terms of the supply agreement. The assignment of a contract, standing alone, does not eliminate the assignor's liability for any pre-assignment wrongs or debts. White Pass Co. v. St. John, 71 Wn.2d 156, 162 (1967) (quoting 3 Williston, Contracts § 411 (3d ed. 1960)). Nor have defendants pled the affirmative defense of novation or otherwise shown that plaintiff agreed to release HMC from liabilities that may have arisen out of the supply agreement. Fay Corp. v. BAT Holdings, Inc., 646 F. Supp. 946, 949-50 (W.D. Wash. 1986). In addition, Paragraph 19 of the supply agreement states that, even after an assignment, "this Agreement shall be binding upon the parties and their respective successors and assigns" (emphasis added).

//
//
//
//
//

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT    -2-

For all of the foregoing reasons, defendants' motion for summary judgment is DENIED.

Dated this 28th day of March, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT            -3-