UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                       )
MIKRON INDUSTRIES, INC.,               )
                                       )   Case No. C07-532RSL
            Plaintiff,                 )
    v.                                 )
                                       )   ORDER DENYING MOTION
HURD WINDOWS & DOORS, INC.,            )   FOR PROTECTIVE ORDER
*et al.*,                              )   REGARDING ESI
                                       )
                                       )
            Defendants.                )
_____)

This matter comes before the Court on defendants' "Motion for Protective Order Regarding ESI." Dkt. #35. Relying on Fed. R. Civ. P. 26(b)(2), defendants ask the Court to shift the costs of defendants' remaining electronic discovery to plaintiff. Defendants allege that searching through their electronically stored information ("ESI") would generate substantial costs and yield cumulative results. Aside from the cost-shifting request, defendants raise no objection to discovery of their ESI. In response, plaintiff contends that defendants have not reasonably complied with discovery requests to date. In particular, plaintiff continues to seek communications relating to the inception and termination of plaintiff's business relationship with defendants.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds that defendants failed to discharge their meet and confer obligation in good faith, as

ORDER DENYING MOTION
FOR PROTECTIVE ORDER
REGARDING ESI

required by Fed. R. Civ. P. 26(c). Accordingly, defendants' motion for protective order regarding ESI is DENIED for failure to comply with Rule 26(c).

The conference requirement of Rule 26(c) is imposed for the benefit of both the Court and the parties and is intended to ensure that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rule would have involved a more substantive discussion regarding defendants' difficulty in producing responsive ESI, the extent to which defendants have searched ESI to date, and the foundation for defendants' belief that a more thorough search of ESI, including backup tapes, would yield only information that has already been produced. Plaintiff's counsel stated that no meaningful discussion of these issues took place before the motion was filed, and defendants have submitted no evidence to dispute this fact. Instead, plaintiff's counsel received no response when it identified specific "gaps" in production and reasonably asked defendants to articulate the foundation for their assertion that unsearched ESI would produce "little additional responsive information." See Dkt. #39 (Skok Decl.) at ¶13; Dkt. #39, Ex. H. A conversation with opposing counsel does not become a "meet and confer" conference simply because a party has attached that label to the discussion.

Even considering defendants' arguments on their merits, the Court finds that defendants have not met their burden of demonstrating that plaintiff's discovery requests are unduly burdensome and/or cumulative. The rules of discovery presume that "the responding party must bear the expense of complying with discovery requests." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). Congress added Fed. R. Civ. P. 26(b)(2)(B)[1] in 2006 in response to

---

[1] Fed. R. Civ. P. 26(b)(2)(B) provides: "A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting

ORDER DENYING MOTION
FOR PROTECTIVE ORDER
REGARDING ESI                    -2-

concerns that the broad discovery principle announced in Fed. R. Civ. P. 26(b)(1) could cause responding parties to incur unreasonable costs in producing electronically stored information. See Advisory Committee's Notes on 2006 Amendment to Fed. R. Civ. P. 26(b)(2). The responding party bears the burden of showing that "identified sources are not reasonably accessible in light of the burdens and costs required to search for, retrieve, and produce whatever responsive information may be found." Id. In meeting this burden, the responding party should present details sufficient to allow the requesting party to evaluate the costs and benefits of searching and producing the identified sources. Id. This requirement mirrors the "meet and confer" obligation established by Fed. R. Civ. P. 26(c). If the responding party meets its burden, the court may consider a range of options, including cost-shifting, to alleviate the responding party's hardship. Fed. R. Civ. P. 26(c)(1). See Oppenheimer Fund, 437 U.S. at 358.

ESI can be preserved in a wide range of diverse formats, some of which are more accessible than others. See Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 318-20 (S.D.N.Y. 2003). Although defendants directed their employees to search their hard drives for responsive information, Dkt. #36 (Lex Decl.) at ¶3, defendants have not demonstrated any search efforts beyond that limited inquiry. Responsive information may be discovered during a more thorough search of defendants' non-backup ESI, including employee hard drives and active e-mail servers. Cost-shifting would not be appropriate in the context of this kind of search, as this ESI is considered reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(C). See id.

With regard to ESI located on defendants' backup tapes, those courts that considered shifting the costs of electronic discovery to the requesting party were presented with more

---

party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery."

ORDER DENYING MOTION
FOR PROTECTIVE ORDER
REGARDING ESI                                  -3-

detailed information than that provided by the defendants in this case.[2] In alleging that continued discovery of their ESI would be unduly burdensome, defendants offer little evidence beyond a cost estimate and conclusory characterizations of their ESI as "inaccessible." Defendants have not provided the Court with details regarding, for example: (1) the number of back-up tapes to be searched; (2) the different methods defendants use to store electronic information; (3) defendants' electronic document retention policies prior to retaining an outside consultant; (4) the extent to which the electronic information stored on back-up tapes overlaps with electronic information stored in more accessible formats; or (5) the extent to which the defendants have searched ESI that remains accessible. Beyond the estimated costs, defendants have not demonstrated an unusual hardship beyond that which ordinarily accompanies the discovery process. Therefore, the Court finds that defendants have not met their burden of demonstrating that the requested ESI is "not reasonably accessible because of undue burden or cost."[3] See Fed. R. Civ. P. 26(b)(2)(B).

The Court also finds that plaintiff's requested discovery is neither "unreasonably cumulative or duplicative" nor outweighed by its likely benefit within the meaning of Fed. R. Civ. P. 26(b)(2)(C). In conclusory language, defendants assert that their ESI contains cumulative information of little value to plaintiff. Defendants' representation that responsive documents relating to their relationship with plaintiff exist primarily in paper form, Dkt. #36 (Lex Decl.) at ¶4, appears largely speculative. The Court finds that defendants have not provided plaintiff with sufficient information to evaluate whether a search of defendants' ESI would be cumulative. See Dkt. #39 (Skok Decl.) at ¶13; Dkt. #39, Ex. H.

---

[2] See generally Semsroth v. City of Wichita, 239 F.R.D. 630 (D. Kan. 2006); Zubulake, 217 F.R.D. 309 (S.D.N.Y. 2003); Rowe Entertainment, Inc. v. William Morris Agency, Inc., 205 F.R.D. 421 (S.D.N.Y. 2002).

[3] Because defendants have not met their threshold burden to show undue burden or cost, the Court will not apply the cost-shifting factors proposed by Zubulake, 217 F.R.D. at 322-24.

ORDER DENYING MOTION
FOR PROTECTIVE ORDER
REGARDING ESI                                          -4-

For all the foregoing reasons, defendants' motion for protective order regarding ESI is DENIED. The parties shall meet and confer regarding discovery of ESI before any related motions will be considered by the Court.

Dated this 21st day of April, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR PROTECTIVE ORDER
REGARDING ESI                    -5-